UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

KENNETH KUBAN,  )
  )
    Petitioner,  )  Civil No. 16-52-HRW
  )
V.  )
  )
JODIE L. SNYDER-NORRIS,  )  **MEMORANDUM OPINION**
  )  **AND ORDER**
    Respondent.  )

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Kenneth Kuban has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the determination by the Bureau of Prisons ("BOP") that his offenses of conviction preclude him from receiving a reduction in his sentence under its Residential Drug Abuse Program ("RDAP").[1] [D. E. No. 1]

I

In 2012 and 2013, Kuban engaged in a pattern of harassment of his former girlfriend. Specifically, Kuban created multiple accounts on Craigslist from his work computer as an employee of the Library of Congress, and posing as his former

---

[1] Kuban named former U.S. Attorney General Loretta Lynch and Acting Director of the BOP Thomas Kane as the respondents in this proceeding [D. E. No. 1 at 1], but the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will order the appropriate substitution.

1

girlfriend, posted numerous advertisements soliciting spontaneous sexual encounters. In response to e-mail inquiries from random men, Kuban (still posing as his former girlfriend), expressed interest in meeting and provided them with her home address. As a result, many men travelled across state lines and showed up at her doorstep seeking sexual congress, causing her severe emotional distress and placing her in great fear for her safety.

In March 2013, Kuban was arrested and charged with cyberstalking in violation of 18 U.S.C. §§ 2261A(1), 2261(b)(5)-(6), unlawful use of the identification of another in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(2)(B), and interstate domestic violence and violation of a protective order in violation of 18 U.S.C. §§ 2262(a)(1), 2262(b)(5). Pursuant to a written plea agreement, Kuban was sentenced to a 66-month term of imprisonment. *United States v. Kuban*, No. 3: 13-CR-8 (W.D. Va. 2013).

While in federal custody, Kuban completed the RDAP program, making him potentially eligible for a one-year reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). However, the BOP concluded that his conviction for cyberstalking prevented it from granting any reduction in his sentence. In its view, his offenses under Sections 2261, 2261A were disqualifying because "by its nature or conduct, [it] presents a serious potential risk of physical force against the person or property

2

of another." [D. E. No. 7-2 at 1 (citing 28 C.F.R. § 550.55(b)(5)(iii))] In his petition, Kuban challenges the correctness of that determination.

## II

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Kuban's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

By statute, Congress requires the BOP to provide alcohol and drug treatment programs to federal inmates. 18 U.S.C. § 3621(b). The law also provides inmates with incentives to complete them:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

3

18 U.S.C. § 3621(e)(2)(B). Because the statute does not define what constitutes a "nonviolent offense," the BOP has promulgated regulations to define that term and to establish guidelines for participation. 28 C.F.R. § 550.55.

Section 550.55(b) provides that inmates who have committed certain kinds of offenses may not receive a reduced sentence at all. These include, but are not limited to, those who have committed an offense that "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." Section 550.55(b)(5)(iii). The BOP has also issued an internal policy document which sets forth a comprehensive list of all federal offenses which will categorically exclude the inmate from a sentence reduction. BOP Program Statement 5162.05 (Mar. 16, 2009). Among these are 18 U.S.C. § 2261 and § 2261A; Kuban stands convicted of both.

First, to the extent that the BOP's decision to deny Kuban a reduction in his sentence is based upon an individualized determination that (1) Kuban is not eligible to receive a sentence reduction because his convictions under Sections 2261 and 2261A were not for "nonviolent offenses," or (2) Kuban is not suitable to receive such a reduction based upon his conduct in prison or performance in completing the RDAP, this Court lacks the authority to review that conclusion. 18 U.S.C. § 3625 categorically excludes from judicial review discretionary decisions made by the BOP pursuant to 18 U.S.C. § 3621-3624, which includes RDAP eligibility and

suitability determinations made under 18 U.S.C. § 3621(e)(2)(B). *Reeb v. Thomas*, 636 F. 3d 1224, 1226-28 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of individualized RDAP determinations); *Taukeiaho v. Wands*, No. 11-CV-1255-LTB-MJW, 2011 WL 6012545, at *2 (D. Colo. Nov. 15, 2011).

Second, although Kuban's petition does not expressly challenge the BOP's determination on constitutional grounds, any such challenge would fail as a matter of law. Cf. *Standifer v. Ledezma*, 653 F.3d 1276, 1279 (10th Cir. 2011) (no constitutional right to participate in RDAP).

Third, to the extend Kuban's petition can be read as asserting a categorical challenge to the BOP's regulations, including those at issue here, the Supreme Court upheld them long ago in *Lopez v. Davis*, 531 U.S. 230 (2001). Lopez had been convicted of only one offense, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, but when the trial court found that he had possessed a firearm in connection with his drug trafficking, it enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). Lopez filed a habeas corpus petition under § 2241, and the district court granted relief, concluding that the BOP could not consider uncharged conduct – his possession of a firearm – as a basis to categorically exclude him from eligibility for a sentence reduction. On appeal the Eighth Circuit disagreed, concluding that the BOP may look at sentencing factors,

not just convictions, to determine if the prisoner's offenses were "nonviolent." *Id.* at 236-37.

Before the Supreme Court, the BOP argued that while (1) conviction of a nonviolent offense and (2) completion of the RDAP were **necessary** conditions for sentence reduction eligibility, they were not **sufficient** conditions because § 3621(e)(2)(B) expressly stated only that the BOP "may" grant a sentence reduction if they were satisfied. *Lopez*, 531 U.S. at 239-240. The Supreme Court agreed, concluding that the BOP reasonably exercised its discretion in its implementing regulations:

> [T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau. ... the Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility.

*Id.* at 243. Thus Lopez, whose drug trafficking offense did not itself necessarily involve violent conduct, could be categorically excluded from eligibility based upon his possession of a firearm in furtherance of that offense.

Following *Lopez*, courts have consistently found that the BOP may categorically exclude prisoners convicted of offenses whose elements do not, of themselves, necessarily entail violence or the threat of it in their commission, but whose conduct nonetheless "displayed a readiness to endanger another's life." *Lopez*, at 240. Cf. *Ardry v. Rios*, 215 F. App'x 776 (10th Cir. 2007); *Richardson v.*

6

*Joslin*, 501 F. 3d 415, (5th Cir. 2007); see also *Taukeiaho*, 2011 WL 6012545, at *3 ("the BOP has not exceeded its statutory authority by creating a category of inmates ineligible for early release pursuant to section 550.55(b)(5)(iii) and PS 5162.05 § 4.b."); *Palm v. Walton*, No. 11-10957, 2013 WL 119701, at *1-3 (E.D. Mich. Jan. 9, 2013); *Wood v. Ziegler*, No. 5:11-450, 2012 WL 5497910, at *2-3 (S.D. W.Va. Aug. 20, 2012).[2]

Finally, Kuban refers to the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held that the residual clause found in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. [R. 1 at 3-4] Kuban does not make any express argument under *Johnson* at all, but the Court takes his reference to imply that *Johnson* somehow rendered Section 550.55(b)(5)(iii) inoperable or void. The language of the invalidated statute, which refers to "conduct that presents a serious risk of physical injury to another," is similar but not identical to that found in the regulation, which describes conduct that "presents a serious potential risk of physical force against the person or property of another."

---

[2] The Court notes parenthetically that the actions for which Kuban was indicted, and to which he pled guilty, included sending anonymous men – all possessed of the erroneous belief that his victim would engage in sexual relations with them – unquestionably qualifies as conduct that "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" within the meaning of Section 550.55(b)(5)(iii).

7

But comparing and contrasting the language of the provisions would be a pointless intellectual exercise. It is true that "[a] fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *F.C.C. v. Fox Television Stations, Inc.*, __ U.S. __, 132 S.Ct. 2307, 2317 (2012). But the BOP's internal regulation is neither a criminal statute nor a civil penalty statute, and hence does not proscribe or limit a citizen's conduct at all. Accordingly, by definition it cannot be unconstitutionally vague. Cf. *Gonzales v. Carhart*, 550 U.S. 124, 148-49 (2007) ("As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.") (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Cf. *Gilmore v. Gonzales*, 435 F. 3d 1125, 1135 (9th Cir. 2006) (holding identification policy not susceptible to void for vagueness claim where failure to comply cannot result in the imposition of sanctions). Because Section 550.55(b)(5)(iii) does not proscribe conduct and its application cannot result in the imposition of a longer criminal sentence, it is not susceptible to a vagueness challenge, whether under *Johnson* or its precursors.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall **SUBSTITUTE** Warden Jodie L. Snyder-Norris as the sole respondent in this proceeding.

2. Kuban's third motion to expand the record [D. E. No. 9] is **GRANTED**.

3. Kuban's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

This 15th day of June, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge